**Patricia O'CONNELL, Plaintiff— Appellant,**

v.

**John E. POTTER, Postmaster General, United States Postal Service; United States Postal Service, Defendants— Appellees.**

No. 06–15873.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2008.

Filed April 17, 2008.

Shawn A. Luiz, Honolulu, HI, for Plaintiff–Appellant.

Edric Ching, Rachel S. Moriyama, Esq., Assistant U.S., Honolulu, HI, for Defendants–Appellees.

Before: HUG, RYMER, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Patricia O'Connell ("O'Connell") appeals the district court's grant of summary judgment against her. On appeal, O'Connell argues that the district court wrongfully extended the deadline to file dispositive motions, and that the district court improperly found her complaint preempted by the Federal Employment Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq. She also claims that the district court wrongly granted summary judgment in favor of the defendants on her Rehabilitation Act, retaliation and gender discrimination claims.

■ The district court did not abuse its discretion in granting the motion to continue. This case was not ready to proceed to trial, and by granting the motion, the district court more efficiently handled the case.

■ To the extent that O'Connell's injuries were job-related, FECA's remedy is exclusive. However, to the extent her claims are based on injuries that are not covered by FECA, they fail on the merits.

■ Before claiming discrimination in federal court, a plaintiff must first exhaust her administrative remedies. *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). In this case, O'Connell failed to exhaust her administrative remedies because she did not claim retaliation in her original discrimination complaint. Therefore, her retaliation claim fails for lack of exhaustion.

■ To succeed on a Rehabilitation Act claim, O'Connell must show that (1) she is a qualified individual with a disability; (2) she is "otherwise qualified" to receive the benefit; (3) she was denied the benefits of the program solely by reason of her disability; and (4) the program receives federal financial assistance. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir.2002). A "qualified individual" is one who "must be able to perform the essential functions of employment at the time that one is discriminated against in order to bring suit." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1112 (9th Cir.2000).

Here, the alleged discrimination occurred after O'Connell submitted two medical certificates from her treating physician

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

stating that she was totally incapacitated and unable to work. Because she was unable to work, she could not perform her employment duties and was not a qualified individual. *See Weyer,* 198 F.3d at 1112.

■ To establish a prima facie case of discrimination, she must show that "(1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably." *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220 (9th Cir.1998). Here, O'Connell's claim fails because she was not similarly situated with the male employees in her office, whom she claims received more favorable treatment. At the time of the alleged discrimination, the three males were "limited duty" employees and, thus, were entitled to receive work assignments ahead of "light duty" employees such as O'Connell.

**AFFIRMED.**